IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL BRYAN KAISER, #1418670, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-2142-B-BK |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

**I.   BACKGROUND**

Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to 30 years' imprisonment. *State v. Kaiser*, No. F06-15843 (363rd Judicial District Court, Dallas County, Feb. 2, 2007), *aff'd*, No. 05-07-00575-CR (Tex. App. -- Dallas, Jul. 2, 2008, pet ref'd), *cert. denied*, 558 U.S. 833 (2009). The Texas Court of Criminal Appeals then denied his state habeas application. *See Ex part Kaiser*, No. WR-77,104-01 at Action Taken Sheet (Tex. Crim. App. Feb. 15, 2012) (denying without written order on trial court's findings).[1]

In this timely federal petition, Petitioner claims he was denied "preparation of an adequate defense and opportunity to call witnesses," and that the State relied on false evidence.

---

[1] "SHCR-01" refers to the State Habeas Clerk's Record in case number WR-77,104-01 (Event ID 2473401). "RR" followed by the volume number refers to the Reporter's Record.

(Doc. 1 at 7-9).  Respondent argues the petition lacks merit, and Petitioner has filed a reply and motion for an evidentiary hearing.  (Doc. 17, 23-24).

## II. ANALYSIS

Habeas corpus relief is precluded unless the state court's adjudication on the merits --

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  That burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt."  *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

<u>Denied Preparation of an Adequate Defense (Claim 1)</u>

Petitioner alleges he was denied the preparation of an adequate defense and the opportunity to call witnesses in his own defense.  The state habeas court found this claim procedurally barred:

> Applicant's assertion that he was not allowed to present an adequate defense could have been raised on direct appeal, but it was not. The appellate record was adequate to raise this claim and the issue is procedurally barred.

SHCR-01 at 59.  *See Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (holding that *Gardner* rule, that record-based claims not raised on direct appeal will not be considered in habeas proceedings, was an adequate state ground capable of barring federal habeas review).

While Petitioner admits his claim was not raised on direct appeal, he asserts the ineffective assistance of trial counsel as cause and prejudice to excuse his procedural default. (Doc. 23 at 7). However, appellate counsel, <u>not</u> trial counsel, was responsible for failing to raise the issue on direct appeal. Consequently, Petitioner cannot rely on his trial counsel's alleged ineffectiveness to excuse his appellate counsel's failure to advance the claim on appeal. Since Petitioner alleges no other basis to excuse his default, he has not shown sufficient cause and prejudice for the default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Nor has he demonstrated that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim. *Id.* Therefore, Petitioner's first claim is procedurally barred.

Alternatively, notwithstanding the procedural default, the claim is meritless. In addressing the related claim of ineffective assistance of counsel, the state habeas court found:

> Counsel obtained a continuance to interview and locate witnesses from October 2006 until January 16, 2007. On January 16, 2007, the trial was again postponed due to inclement weather. During trial, counsel inquired into the location of the allegedly missing witnesses, Chris and Kevin (no known last names), and the Court indicated that the witness [Monica Mendoza] testified she did not know either potential witnesses' last name or where either lived. When the names of witnesses are unknown, it is practically impossible for defense counsel to locate said witnesses. The fact that counsel allegedly found those witnesses after trial, as he indicated in his Motion for New Trial, is irrelevant. The Court heard evidence and denied counsel's Motion for New Trial.
>
> The Court is familiar with defense counsel and notes that he provides effective assistance to his clients. In fact, at times, counsel so zealously represents his clients that he continues with his actions despite the Court's warnings to cease. The Court recalls this case specifically and finds that counsel very effectively and zealously represented Applicant.

SHCR-01 at 59.

Relying on *Cronic v. United States*, 466 U.S. 648 (1984), Petitioner now asserts he was constructively denied counsel. (Doc. 4 at 6-7; Doc. 23 at 8-9). In Petitioner's view, his lawyer's

inability to interview/question state witnesses failed to subject the prosecution case to meaningful adversarial testing, thus constructively denying him counsel. (Doc. 23 at 8-9). He explains:

> Counsel's failure to investigate was not part of a calculated trial strategy, but as pointed out by counsel['s] response, [it] . . . denied [Petitioner] the opportunity to question state witnesses at a pre-trial hearing and prosecuting [sic] misconduct.
>
> ***
>
> Under the circumstances here, the state actions delaying the discovery which in turn effected [sic] counsel's inability [sic] to interview[] the potential witnesse[s]. Had counsel recieved [sic] the full discovery and/or if counsel was given the opportunity to question under oath the complianant's [sic] teenage daughter at the pre-trial hearing, counsel would have been able to interview and subpoena witnesses to prepare an adequate defense.

*Id.* at 9.

In *Cronic*, 466 U.S. at 659, the United States Supreme Court recognized "that a trial is unfair if the accused is denied counsel at a critical stage of his trial," requiring prejudice to be presumed. *Id.* at 659. However, the "constructive denial of counsel occurs . . . in 'only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all.'" *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986) (quoted cases omitted). Here, the record reflects Petitioner had "meaningful assistance" of counsel. *See Cronic*, 466 U.S. at 663-667 (listing relevant factors to evaluate a lawyer's effectiveness). As noted by the state habeas judge (who was also the trial judge), defense counsel zealously represented him throughout the criminal proceeding. Moreover, there is no support in the record for Petitioner's suggestion that if the trial court had permitted defense counsel to interview Monica Mendoza (the complainant's daughter) during a pretrial hearing, or if the State had timely disclosed to the defense Mendoza's

written statement, trial counsel would have been able to discover the full names of the undisclosed witnesses. (Doc. 23 at 7-8; Doc. 24 at 5-7). Indeed, Mendoza later testified at trial that she did not know the last names of Chris and Kevin or where they lived. *See* 4 RR 160-63. Thus, the circumstances surrounding Petitioner's representation did not constructively deny him the assistance of counsel and the *Cronic* standard does not apply.

Furthermore, under the specific facts of this case, neither the State nor the trial court prevented counsel from preparing an adequate defense and learning of the existence of witnesses. Nevertheless, even assuming a constitutional trial error, Petitioner has not shown a "substantial and injurious influence or effect" on the jury verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (holding a constitutional error is cause for federal habeas relief only if it has a "substantial and injurious effect or influence in determining the jury's verdict."). Apart from his conclusory assertions that the witnesses would have supported his version of the events, Petitioner presents no affidavits or other evidence that the witnesses were willing to testify and that their testimony would have been favorable to him.

The state court's denial of this ground was a reasonable application of federal law. Accordingly, Petitioner's first claim fails.

<u>Conviction Based on False Evidence (Claim 2)</u>

Petitioner asserts "the State relied on false evidence in obtaining his conviction" when it repeatedly advised the Court "that the reason for the absence of the alleged victim and her daughter was due to a diabetic crisis." (Doc. 23 at 9-10). He relies on medical records obtained by defense counsel following the jury verdict, which establish that the complainant's daughter was at the hospital, not due to a diabetic crisis, but due to an overdose of prescription medications. *Id.* at 10-11. Complainant testified the following day. *Id.*

The state habeas court rejected this claim, concluding as follows:

> Applicant has failed to prove that his due process right was violated because the State relied on perjured testimony. Nothing in the record proves that the complainant and her daughter were under oath when they explained to the Judge over the telephone why they could not attend the first day of trial. The fact that other witnesses may have testified contrary to the victim and her daughter, as asserted by defense counsel in his Motion for New Trial, does not prove that the complainant's or her daughter's testimony was perjured.

SHCR at 60.

The state court's decision rejecting this ground was not an unreasonable application of clearly established federal law. The Due Process Clause of the Fourteenth Amendment forbids the State from knowingly using, or failing to correct, false testimony. *See Giglio v. United States*, 405 U.S. 150, 153 (1972); *Napue v. Illinois*, 360 U.S. 264, 269, 271 (1959). Because the victim and her daughter, Monica Mendoza, advised the judge or court staff regarding the emergency hospitalization outside the courtroom and outside the presence of the jury, the communication at issue did not constitute testimony. In addition, although Petitioner alleges the prosecutor solicited false testimony regarding the hospitalization from the victim and her daughter during direct examination (Doc. 23 at 11), the trial court sustained defense counsel's objection that the testimony was not relevant and instructed the jury to disregard the questions and testimony. (4 RR at 12, 129-30). Thus, Petitioner has not established that any false testimony was admitted at trial.

Furthermore, Petitioner has not shown that the State knew the victim and her daughter were lying or that the reason for the daughter's hospitalization was even material to his case, namely that it cast any doubt on the jury's verdict. *See*, *e.g.*, *United States v. Freeman*, 164 F.3d 243, 248 (5th Cir. 1999) (evidence is material, for purpose of a due process violation under *Napue*, when there is a reasonable probability that the outcome of the trial would have been

different if the evidence had been disclosed to the jury).  In support of the latter, Petitioner merely alleges that the "[s]tatements made by the prosecutor and judge in front of the jury created a form of sympathy and false impression that otherwise would not [have] exsisted [sic] if the prosecutor did not elic[i]t such testimony from the state's witnesses."  (Doc. 23. at 11).

Lastly, insofar as Petitioner relies on *Brady v. Maryland*, 373 U.S. 83, 87 (1963), his claim fares no better.  (Doc. 23 at 9-10).  Petitioner does not allege, much less establish that the prosecutor suppressed evidence that was favorable and material to his defense.  *Id.* (to establish a *Brady* violation, a petitioner must prove (1) the prosecutor suppressed or withheld evidence (2) that was favorable and (3) material to his guilt or punishment).  Therefore, Petitioner's second claim also fails.

## Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing.  (Doc. 24 at 1-9).  However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)).  Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court.  And, as discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court.  Therefore, Petitioner is not entitled to a federal evidentiary hearing.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED July 9, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE